IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCRESIA MAYORGA SANTAMARIA, on behalf of DOE Children 1-3; and ORGANIZACION PARA EL FUTURO DE LOS ESTUDIANTES (OFE), | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-692-L |
| DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHAEL HINOJOSA, SUPERINTENDENT OF THE DALLAS INDEPENDENT SCHOOL DISTRICT, in his official capacity; and TERESA PARKER, in her individual and official capacity as Principal of Preston Hollow Elementary School, | § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Expedited and Limited Discovery, filed May 3, 2006. On May 9, 2006, the court issued an order denying as moot in part and taking under advisement in part Plaintiffs' Motion for Expedited Discovery. The court took under advisement Plaintiffs' motion insofar as it requests the court to permit Frances M. Guzmán ("Guzmán"), a proferred expert, to visit Preston Hollow Elementary School ("Preston Hollow") and observe classes for up to three days, without interfering with classroom instruction. *See* May 9, 2006 Order at 2-3.[1]

---

[1] The court denied as moot Plaintiffs' Motion for Expedited and Limited Discovery to the extent it requests that Plaintiffs be able to depose Teresa Parker ("Parker"), Principal of Preston Hollow, as well as those witnesses providing declarations or affidavits in support of Defendants' response to their motion for preliminary injunction. *See* May 9, 2006 Order at 2.

**Memorandum Opinion and Order - Page 1**

The court also vacated the preliminary injunction hearing set for Friday, May 12, 2006 at 9:00 a.m. until further notice of the court.

Defendants filed their Response on May 12, 2006. They contend that Guzmán should not be permitted to conduct classroom observation at Preston Hollow for three reasons: (1) Plaintiffs' request is (a) unjustified, as Plaintiffs have failed their burden of establishing Guzmán as an expert pursuant to Fed. R. Evid. 702, and is (b) unnecessary, as Defendants can provide assessment and evaluation data, a more reliable and less intrusive method, in lieu of such observation; (2) Plaintiffs' request for classroom observation triggers students' rights pursuant to the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; and (3) practical considerations necessitate that Plaintiffs' request for classroom observation be denied.

On May 15, 2006, Plaintiffs filed their Reply. They contend: (1) Guzmán is an expert, and Defendants will have a full opportunity to challenge her qualifications after she conducts classroom observation; (2) FERPA does not bar Guzmán's ability to conduct classroom observation; and (3) Defendants have added new end-of-the-year programs and activities in an attempt to obstruct Guzmán's ability to observe. Upon review of Plaintiffs' motion, the Response, the Reply, the record, and applicable law, the court **grants** Plaintiffs' motion to allow Guzmán to observe classes at Preston Hollow.

Defendants first contend that Plaintiffs' request is unjustified, as Plaintiffs have failed their burden of establishing Guzmán as an expert pursuant to Fed. R. Evid. 702. Plaintiffs describe the purpose of Guzmán's observation, and possible testimony:

> [Guzmán] will assist Plaintiffs in presenting to the [c]ourt information regarding the instruction delivered to students at Preston Hollow Elementary. The testimony of Ms. Guzmán will go directly to the questions whether Latino students are experiencing disparate instruction and irreparable harm as a result of Defendants' practice of racially segregating students at Preston Hollow Elementary School.

Pls' Mot. for Exped. & Ltd. Disc. ("Pls' Mot.") at 2. Defendants argue Plaintiffs have not established that Guzmán can opine regarding "disparate instruction," "instructional techniques," or "irreparable harm," and therefore have failed to show how she can assist the trier of fact in understanding the relevant evidence or determining the particular issues. In addition, they argue that Plaintiffs have not disclosed a written expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B), and that classroom observation is an inherently unreliable methodology. Defendants also contend that classroom observation by Guzmán is unnecessary, as, in lieu of classroom observation, they can provide "inherently more reliable racial composition data from the rosters for each classroom." Defs' Resp. ¶ 12.[2]

Plaintiffs contend that the court should allow Guzmán to observe classes at Preston Hollow before May 24, 2006, the last day students attend classes, since the court may proceed with the preliminary injunction hearing, and possibly trial on the merits, before the 2006-2007 school year begins. The court agrees with Plaintiffs. At this juncture, since time is of the essence, the court determines that the best approach is to overrule Defendants' objection and allow Guzman to observe. Defendants will have ample opportunity after classes end to challenge whether Guzmán qualifies as an expert pursuant to Fed. R. Evid. 702, or otherwise move to strike or exclude her testimony. By allowing Guzmán to observe classes, the court makes no final determination whether she qualifies to testify by virtue of her "knowledge, skill, experience, training, or education," *see* Fed.

---

[2]Apparently, in lieu of classroom observation, Defendants are willing to provide "the limited-English proficiency [("LEP")] assessment and evaluation data and the [English as a Second Language ("ESL")] placement for each student in an ESL class that describes that individual student's LEP status and the educational justification for such placement." Defs' Response ¶ 13. They claim that such data is more reliable than classroom observation for determining whether non-LEP students have been assigned to ESL classes. Defendants' reasoning ignores Plaintiffs' purpose for the proposed classroom observation: namely, to examine the instruction delivered and assist the court in determining whether disparate instruction and irreparable harm exist. *See* Pls' Mot. at 2. Moreover, access to individualized assessment and evaluation data entails the release of education records and personally identifiable information, and therefore would raise substantially larger FERPA compliance issues than would classroom observation. *See generally* 20 U.S.C. § 1232g.

**Memorandum Opinion and Order - Page 3**

R. Evid. 702, or that her testimony is relevant and reliable. *See Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).

Second, Defendants contend that Plaintiffs' request for classroom observation triggers the rights of students pursuant to FERPA. FERPA mandates that schools and educational agencies receiving federal financial assistance must comply with certain conditions. *Owasso Indep. Sch. Dist. v. Falvo*, 534 U.S. 426, 428 (2002). It provides that federal funds are to be withheld from school districts that have "a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information . . .) of students without the written consent of their parents . . . ." 20 U.S.C. § 1232g(b)(1); *Falvo*, 534 U.S. at 429.[3] FERPA contains a judicial order exception, which provides that education records and the personally identifiable information they contain shall be "furnished in compliance with judicial order . . . upon condition that parents and the students are notified of all such orders . . . in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. 1232g(b)(2)(B).

Defendants contend that classroom observation by Guzmán would entail the release and public disclosure of student education records and personally identifiable information, and therefore trigger the DISD's parental and student notification obligations under FERPA. They request, should the court use the judicial exception to permit discovery of student education records or other personally identifiably information, that it issue an order allowing Defendant Dallas Independent

---

[3]The term "Education records" means "those records, files, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). The term "directory information" includes "the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of member of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student." 20 U.S.C. § 1232g(a)(5)(A). FERPA also requires a school district which makes public disclosures of directory information to "give public notice of the categories of information which it has designated" and "allow a reasonable period of time after such notice has been given for a parent to inform [the district] that any or all of the information designated should not be released without the parent's prior consent." 20 U.S.C. § 1232g(a)(5)(B). **None of this information, however, is to be released to or accessed by Guzmán, and this issue is therefore moot.**

**Memorandum Opinion and Order - Page 4**

School District ("DISD") sufficient time to comply with FERPA notice obligations before such information is released, so that students and parents may have the opportunity to object.[4] Plaintiffs counter that FERPA does not bar Guzman's ability to conduct classroom observation, as they do not seek access to, or the disclosure of, student education records. According to Plaintiffs, Guzmán's classroom observations will allow them "to present the [c]ourt with more information about the educational practices at Preston Hollow . . . ." Pls' Reply at 4.

Upon extensive review, the court determines that Guzmán's mere observation of classes will not implicate FERPA's provisions concerning access to educational records and personally identifiable information, as she will not be allowed to access or view such information. If all parties follow the terms of this order, as set forth by the court, Guzmán will not acquire directory information during classroom observation or be incidentally exposed to education records or personally identifiable information. To the extent that Guzmán might acquire directory information, or be incidentally exposed to education records or personally identifiable information, the court issues this order pursuant to FERPA's judicial exception. Accordingly, the DISD has sufficient time to notify the affected students and parents, and shall do so, pursuant to 20 U.S.C. §§ 1232g(b)(2)(B) and (a)(5)(B)[5]

Finally, Defendants contend that practical considerations necessitate that Plaintiffs' request for classroom observation be denied. They argue that six-weeks testing and special end-of-the-year activities will frustrate Guzmán's ability to observe ordinary classroom activity, and therefore

---

[4] A plain reading of FERPA makes clear that the judicial exception does not require the DISD to wait for parental consent before releasing protected records and information; the DISD need merely notify parents and students that a judicial order exists in advance of its compliance with such order. *See* 20 U.S.C. § 1232g(b)(2)(B).

[5] The court believes that the DISD's concerns are exaggerated, as there is a court order in place, and the DISD need only follow this order and the notice provisions of the statute. Moreover, FERPA's nondisclosure provisions create no rights enforceable under 42 U.S.C. § 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002).

**Memorandum Opinion and Order - Page 5**

obfuscate her conclusions. In addition, they argue that Preston Hollow's high student mobility rate, along with its high number of student absences during the end of the academic year, will affect the accuracy of her observations. Plaintiffs counter, contending that Defendants have added new end-of-the-year programs and activities in an attempt to obstruct Guzmán's ability to observe. The court determines that classroom observation by Guzmán will be not be so intrusive and disruptive that it should be denied. Moreover, Defendants' arguments regarding the effect of end-of-the-year observation, mobility rate, and student absences concern the relevance and reliability of Guzmán's potential testimony, and can be better addressed after Guzmán observes classes.

Upon review of Plaintiffs' Motion, the Response, the Reply, the record, and applicable law, the court determines that classroom observation should be allowed before May 24, 2006, the last day students attend classes. While the court recognizes that observation will pose some disruption and inconvenience, the court does not find such disruption or inconvenience to be unduly disruptive or inconvenient such that the educational process is compromised. Accordingly, the court **grants** Plaintiffs' Motion for Expedited and Limited Discovery insofar as it requests the court to allow Guzmán to visit Preston Hollow and observe classes; **permits** Guzmán to observe classes at Preston Hollow during school hours on **Friday, May 19, 2006**, **Monday, May 22, 2006, and Tuesday, May 23, 2006**; and **directs** Defendants to make all necessary preparations and FERPA notices to effect this order. During her visit, Guzmán is **prohibited** from accessing student educational records or personally identifiable information, and **shall not** access, view, read, request, photocopy, or otherwise handle the education records of any student attending Preston Hollow, including the records of Does 1-3. To protect against Guzmán's direct exposure to directory information, as well as any incidental exposure to education records and personally identifiable information, the court **issues** this order pursuant to 20 U.S.C. § 1232g(b)(2)(B). Further, Guzmán **is prohibited** from

**Memorandum Opinion and Order - Page 6**

interfering with classroom instruction, communicating with students at any time, and communicating with teachers during classroom instruction. In other words, Guzmán **shall** merely observe. This provision, of course, does not prohibit Guzmán from communicating with the necessary personnel of the DISD to facilitate her observations or ensure compliance with this order. The court **permits** one representative of Defendants to be present with Guzmán during her observation. No Defendant, or employee, representative, or agent of any Defendant, shall interfere with Guzmán's ability to observe as herein ordered by the court.

      **It is so ordered** this 17th day of May, 2006.

                                      Sam A. Lindsay
                                      United States District Judge