IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| LUCRESIA MAYORGA SANTAMARIA, on behalf of DOE Children 1-3; and ORGANIZACION PARA EL FUTURO DE LOS ESTUDIANTES (OFE)<br><br>Plaintiffs,<br><br>v.<br><br>DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES: RON PRICE, JEROME GARZA, NANCY BINGHAM, EDWIN FLORES, JACK LOWE, LEIGH ANN ELLIS, LEW BLACKBURN, HOLLIS BRASHEAR, and ADAM MEDRANO, each in their official capacity; MICHAEL HINOJOSA, SUPERINTENDENT OF THE DALLAS INDEPENDENT SCHOOL DISTRICT, in his official capacity; and TERESA PARKER, in her individual and official capacity as Principal of Preston Hollow Elementary School,<br><br>Defendants. | Civil Action No. 3:06-CV-692-L<br>ECF |

## FIRST AMENDED COMPLAINT

1. Plaintiffs, Lucresia Mayorga Santamaria, *et al.*, file this civil rights action on behalf of themselves or their members for declaratory and injunctive relief to enforce their rights under the Fourteenth Amendment of the United States Constitution and Title VI of the Civil Rights Act of 1964. Plaintiffs seek specifically to halt Defendants' practice of segregating Plaintiff Latino children on the basis of their race, color or national origin at Preston Hollow Elementary School.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(3) and (4).

3. Jurisdiction for Plaintiffs' claim under the Fourteenth Amendment to the United States Constitution is also based upon 42 U.S.C. § 1983.

4. Venue is proper in this court under 28 U.S.C. §§ 1331 and 1391.

### Parties

5. Plaintiff, Lucresia Mayorga Santamaria, is the parent of three Latino students, Doe Children 1-3, presently attending Preston Hollow Elementary School of the Dallas I.S.D. Doe Child 1 is a fifth grade student, is not limited-English proficient, and is assigned to a majority-minority ESL class. Doe Child 2 is a fifth grade student, is limited-English proficient, and is assigned to a majority-minority ESL class. Doe Child 3 is a third grade student, is limited-English proficient, and is assigned to a majority-minority third grade English as a Second Language class. Doe Children 1-3 bring this suit by and through their mother, Lucresia Mayorga Santamaria. All plaintiffs are residents of Dallas County, Texas and members of Organización para el Futuro de los Estudiantes.

6. Plaintiff, Organización para el Futuro de los Estudiantes ("OFE"), formerly Padres Hispanos de Preston Hollow, is an unincorporated non-profit organization of parents and their Latino children who attend public school at Preston Hollow Elementary School. The OFE children are both limited-English proficient students and non-limited English proficient students assigned to bilingual and English as a Second Language classes. OFE was formed to advocate for and ensure equal educational opportunities for Latino schoolchildren in Dallas I.S.D. OFE brings this suit on behalf of itself and its members

attending Preston Hollow Elementary School. Each member of OFE is a resident of Dallas County, Texas.

7. Plaintiffs are Latino children, or the parents of Latino children, attending or having attended Preston Hollow Elementary School and assigned or having been assigned to a bilingual or English as a Second Language class in which a substantial majority of the students are non-Anglo.

8. Defendant Dallas Independent School District ("Dallas I.S.D." or "the District") is a school district located in Dallas County, Texas, and established pursuant to the Constitution of the State of Texas and the Texas Education Code. Dallas I.S.D. is responsible for the operation of all the public schools within its boundaries, including Preston Hollow Elementary School.

9. Defendant Dallas Independent School District Board of Trustees ("Board") is the governing body of the Dallas I.S.D. and is responsible for the policies, customs and practices, procedures of the district, and for employing a Superintendent of Schools for Dallas I.S.D. The Board is comprised of nine elected board members, Ron Price, Jerome Garza, Nancy Bingham, Edwin Flores, Jack Lowe, Leigh Ann Ellis, Lew Blackburn, Hollis Brashear and Adam Medrano. The Board is also responsible for the training and supervision of the District's employees, including school administrators and faculty. Each Board member is sued in their official capacity.

10. Defendant Michael Hinojosa, Superintendent of the Dallas I.S.D., is responsible for the supervision of all schools. Defendant Superintendent is responsible for the development and implementation of the policies, customs, and practices of the Board and the District. Defendant Superintendent is also responsible for the hiring, screening, training, retention,

supervision, discipline, counseling and control of the employees of the Dallas I.S.D., including Defendant Teresa Parker. Plaintiffs sue Defendant Superintendent in his official capacity.

11. Defendant Teresa Parker ("Parker") is employed as the principal of Preston Hollow Elementary School by Defendant Dallas I.S.D. Defendant Parker is responsible for the general operation of Preston Hollow, as well as the hiring, screening, training, retention, supervision, discipline, counseling and control of the employees at Preston Hollow, subject to the Superintendent's authority. Defendant Parker has supervisory power as a principal of Preston Hollow and Plaintiffs sue Defendant Parker in her individual and official capacity.

12. Upon information and belief, at all relevant times herein, Defendants acted under color of state law in the course and scope of their duties and functioned as agents, employees and officers of the Dallas I.S.D. in engaging in the conduct described herein. At all relevant times herein, Defendants acted for and on behalf of the Dallas I.S.D. in the pursuit of their duties as employees, officers and agents of the Dallas I.S.D.

13. At all relevant times herein, Defendants violated clearly-established constitutional standards, concerning Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution of which a reasonable person would have known.

14. At all relevant times herein, Defendants violated clearly-established laws, concerning Plaintiffs' right to be free from intentional discrimination under the educational programs and activities of Dallas I.S.D. on the basis of their race, color or national origin under the Civil Rights Act of 1964.

15. At all relevant times herein, Defendants acted with reckless or callous indifference to the federally-protected rights of Plaintiffs, as described by the conduct described herein.

16. At all relevant times herein, Defendants committed willful, malicious, wanton, or oppressive acts in violation of the federally-protected rights of Plaintiffs, as described by the conduct described herein.

17. At all relevant times herein, Defendants acted with deliberate indifference to the Constitutional rights of Plaintiffs in their policies, practices and customs, including the failure to properly train and supervise Defendant Parker.

## Facts

18. Dallas I.S.D. receives federal money to maintain and operate educational programs for its schools.

19. District-wide, the enrollment of the Dallas I.S.D. is approximately 6% Anglo, 63% Latino and 30% African-American.

20. Compared to the District, Preston Hollow Elementary School ("Preston Hollow") enrolls a substantial proportion of Anglo students with approximately 18% Anglo, 66% Latino and 14% African-American.

21. Defendants set the policies governing student assignments and the educational programs for the schoolchildren attending Preston Hollow.

22. In Preston Hollow, classes are segregated as a result of certain classroom assignment practices of Defendants.

23. To ensure equal educational opportunity to every student, and in recognition of the educational needs of limited-English proficient (LEP) students who require intervention to overcome language barriers, the State of Texas requires Dallas I.S.D. to provide LEP

students a bilingual education program in elementary school. TEX. EDUC. CODE ANN. § 29.053 c-d (West 2005).

24. On information and belief, because Dallas I.S.D. does not recruit and retain a sufficient number of bilingual-certified teachers, the District offers both a bilingual education program and an English as a Second Language ("ESL") program to its LEP elementary students at Preston Hollow.

25. At Preston Hollow, LEP students are classified as either "bilingual" or "ESL" students, based, in part, on the Woodcock-Munoz language assessment test.

26. On information and belief, Defendants assign bilingual-LEP classified students to bilingual education classes.

27. On information and belief, Defendants assign ESL-LEP classified students to "ESL" classes.

28. Of the total 606 students enrolled at Preston Hollow, Defendants classify 40.3% (244) of the students as LEP, including 139 bilingual students and 104 ESL students.

29. Defendants also assign minority-race, non-LEP students to their ESL classes.

30. Defendants' "ESL" classes at Preston Hollow comprise as little as 9% ESL students.

31. The vast majority of students in ESL classes are not limited-English proficient (68%), and therefore, those non-LEP students do not require an ESL education.

32. Defendants assign Preston Hollow students to one of three types of classes: a "bilingual" class, an ESL class, or a general education class.

33. Defendants assign kindergarten students at Preston Hollow to one of two kindergarten-ESL classes, one of two kindergarten-bilingual classes, or a lone general education class.

34. Defendants assign first-grade students at Preston Hollow into a first grade-ESL class, one of two first-grade-bilingual classes, or a "mixed-age" general education class composed of both first and second grade students.

35. Defendants assign second grade students at Preston Hollow into one of two second grade-ESL classes, one of two second grade-bilingual classes, or a "mixed-age" general education class composed of first and second grade students.

36. Defendants created a total of three "mixed-age" general education classes for first and second grade students.

37. Defendants locate their "mixed-age" general education classes for first and second grade students down one hallway in the school building, apart from the first and second grade ESL and bilingual classes.

38. Defendants assign third grade students at Preston Hollow into one of two third grade-ESL classes, a third grade-bilingual class, or a "mixed-age" general education class composed of third and fourth grade students.

39. Defendants assign fourth grade students at Preston Hollow into one of two third grade-ESL classes or a "mixed-age" general education class composed of third and fourth grade students.

40. Defendants created a total of two "mixed-age" general education classes for third and fourth grade students.

41. Defendants assign fifth grade students at Preston Hollow into one of two fifth grade-ESL classes or a fifth grade-general education class.

42. Defendants assign sixth grade students at Preston Hollow into one of two sixth grade-ESL classes or a sixth grade-general education class.

43. Although Preston Hollow enrolls less than 20% Anglo students, the enrollment of Anglos in certain classrooms ranges from 44% to 75%.

44. In the "mixed-age" general education classes, Defendants enroll a majority of Anglo students but the remaining "ESL" classes in those grade levels (1-4) enroll virtually no Anglo students—despite the majority of the students in the ESL classes not being LEP.

45. Defendants segregate the "ESL" classes by enrolling mostly Latino and minority students and practically no Anglo students.

46. For instance, in Defendants' two kindergarten-ESL classes, less than 20% of the students are identified as ESL but only one Anglo student is assigned to one of those two classes. However, all of the remaining Anglo kindergarten students were channeled into the lone kindergarten-general class education, of which Anglo students comprise 67% of the schoolchildren.

47. As another example, in one of Defendants' sixth grade ESL classes, only two students are identified as LEP but that class enrolls no Anglo students. All of the Anglo sixth grade students were channeled into the lone sixth grade-general education class.

48. Upon information and belief, all students in the ESL classes receive "ESL" instruction.

49. Providing "ESL" instruction to non-LEP students does not provide non-LEP students with equal educational opportunities.

50. Altogether, Defendants channel and assign approximately ninety-two percent (92%) of the Anglo students into general education classes in which they comprise approximately 58% of the students.

51. Plaintiffs and others perceive and identify the general education classes as the "Anglo" classes and the "ESL" and bilingual classes as the Latino and minority classes.

52. Defendants' actions extend beyond the scope of classroom assignments.

53. Defendants distributed a Preston Hollow brochure to prospective parents. In an email concerning the production of the brochure, the president of the school PTA, Meg Bittner, explained the need to exclude Latino children from the portrayal of the school to a school employee:

> While our demographics lean much more Hispanic, we try not to focus on that for this brochure. A big questions [sic] that neighborhood parents have is about the ethnic breakdowns of our school population. Our neighbor school, being most Hispanic throws the neighborhood families off a bit…I just don't want any hurt feelings if we use one or two Hispanic kids in the shot.

54. On information and belief, Defendants, directly and/or indirectly, also provide different tours to the parents of Anglo children who visit the school. On information and belief, the parents of Anglo children are assured that the other classes with a high number of minority children are for the LEP students and that the Anglo children will not be placed in those classes.

55. Defendants further do not integrate the Latino students in the ESL and bilingual classes with the Anglo students in the general education classes for non-core curricular programs, such as art, music, and physical education, despite the requirement by the State of Texas that LEP students "shall participate with their English-speaking peers in regular classes provided in the subjects" and "shall have a meaningful opportunity to participate with other students in all extracurricular activities." TEX. ADMIN. CODE § 89.1210(g).

56. Most of the students classified as LEP are Latino at Preston Hollow.

57. Out of the 244 students classified as LEP, approximately 3% are Anglo.

58. The aforesaid actions taken by Defendants frustrated and impeded the mission of OFE, interfered with OFE's regular activities, depleted OFE's time and resources, and thwarted the organization's goals.

59. Plaintiffs have suffered actual and compensatory damages as a result of Defendants' actions and conduct described herein.

### First Cause of Action:

### Equal Protection Clause of the Fourteenth Amendment of the United States Constitution

60. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 59.

61. Defendants deny Plaintiffs and/or conspire to deny Plaintiffs of equal educational opportunities and treat Plaintiffs differently based on their race, color or national origin in violation of their rights under the Fourteenth Amendment to the U.S. Constitution.

### Second Cause of Action:

### Title VI of the Civil Rights Act of 1964

62. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61.

63. Defendants' customs, policies, practices, and actions, intentionally exclude Plaintiffs from participation in and deny them the benefits of, and subject them to discrimination under the educational programs and activities of Dallas I.S.D. on the basis of their race, color or national origin.

### Request for Injunctive and Declaratory Relief

64. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63.

65. If Defendants are not enjoined from continuing to segregate and discriminate against Plaintiffs, Plaintiffs will be irreparably harmed by the denial of the protection laws afforded to them by the Fourteenth Amendment of the U.S. Constitution and Title VI of the Civil Rights Act of 1964.

66. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means of securing adequate redress from Defendants' unlawful practices. Plaintiffs will continue to suffer irreparable injury to their education from Defendants' acts, policies, and practices unless Defendants are enjoined by this Court.

## Prayer

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that Defendants violated the rights of Plaintiffs to the equal protection of laws as guaranteed by the Fourteenth Amendment of the United States Constitution;

2. Declare that Defendants violated Plaintiffs' rights to be free from discrimination under Title VI of the Civil Rights Act of 1964;

3. Enjoin Defendants from further violating the rights of Plaintiffs to equal educational opportunities as protected by the Fourteenth Amendment of the United States Constitution and Title VI of the Civil Rights Act of 1964;

4. Issue an order requiring Defendants to immediately evaluate the educational opportunities afforded to non-LEP students in the ESL and general education classes and remedy any deficiencies;

5. Issue an order requiring Defendants to immediately integrate non-core curriculum instruction;

6.      Issue an order requiring Defendants to immediately institute appropriate policies, practices, training and other measures to remedy their policies, practices and/or customs concerning student assignments, identification and placement of Latino and minority students, and communication to the public to ensure that the constitutional violations described herein do not continue to occur;

7.      Maintain continuing jurisdiction over this action until a comprehensive plan is fully implemented and the segregatory school system is dismantled;

8.      Award Plaintiffs actual and compensatory damages against all Defendants and punitive damages against Defendant Parker, in an amount to be determined at trial;

9.      Award Plaintiffs reasonable attorneys' fees and costs; and

10.      Grant any further relief this Court deems appropriate, including further injunctive and declaratory relief as may be required in the interests of equity and justice.

DATED: June 30, 2006

Respectfully submitted,

David G. Hinojosa
Texas State Bar No. 24010689
Nina Perales
Texas State Bar No. 24005046
Diego Bernal
Texas State Bar No. 24048350
David H. Urias
New Mexico State Bar No.14178
MEXICAN AMERICAN LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC. (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
(210) 224-5382 Fax
ATTORNEYS FOR PLAINTIFFS

## Certificate of Service

By my signature below, I certify that a true copy of the foregoing document with the attorney's original signature (and additional copy) was sent to the Court via federal express overnight and that a true copy of foregoing document was sent via electronic filing through the ECF system and/or facsimile on June 30, 2006, and that to:

Marcos Ronquillo
Godwin Pappas Langley Ronquillo, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
(214) 939-4413
(214) 760-7332 (fax)

_____
David G. Hinojosa