IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LUCRESIA MAYORGA SANTAMARIA**, **on behalf of DOE Children 1-3; and ORGANIZACION PARA EL FUTURO DE LOS ESTUDIANTES (OFE)**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:06-CV-0692-L** |
| **DALLAS INDEPENDENT SCHOOL DISTRICT; DALLAS INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; MICHAEL HINOJOSA**, **SUPERINTENDENT OF THE DALLAS INDEPENDENT SCHOOL DISTRICT**, **in his official capacity; and TERESA PARKER, in her individual and official capacity as Principal of Preston Hollow Elementary School**, | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants' Application/Motion for Reasonable Attorney[']s Fees and Expenses, filed December 15, 2006; and (2) Plaintiffs' Corrected Motion and Brief in Support of Reasonable Attorney[']s Fees and Costs, filed January 3, 2007. After carefully considering the motions, responses, replies, record, and applicable law, the court **denies** Defendants' Application/Motion for Reasonable Attorney[']s Fees and Expenses and **grants in part** and **denies in part** Plaintiffs' Corrected Motion and Brief in Support of Reasonable Attorney[']s Fees and Costs.

## I. Procedural and Factual Background

Plaintiffs Lucresia Mayorga Santamaria, on behalf of her three children (Doe Children #1, #2 and #3), and Organizacion Para El Futuro de los Estudiantes ("OFE") (collectively, "Plaintiffs") brought this action against Defendants Dallas Independent School District ("DISD"), DISD Board of Trustees ("Board of Trustees"), Dr. Michael Hinojosa in his official capacity as Superintendent of DISD ("Superintendent Hinojosa"), and Teresa Parker, in her official capacity as Principal of Preston Hollow and in her individual capacity ("Principal Parker") (collectively, "Defendants"). In the First Amended Complaint, the live pleading, Plaintiffs asserted two claims: violation of the Equal Protection clause of the Fourteenth Amendment through 42 U.S.C. § 1983 and violation of 42 U.S.C. § 2000d *et seq*. (Title VI). Plaintiffs also sought declaratory and injunctive relief.

On June 12, 2006, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the court advanced and consolidated the trial of this action on the merits with the hearing on Plaintiffs' Motion for Preliminary Injunction. The court held a bench trial on Plaintiffs' claims beginning August 9, 2006 and ending on August 21, 2006. The court issued its decision in its November 16, 2006 Memorandum Opinion and Order, and entered Judgment on November 17, 2006.

Specifically, the court concluded that "Plaintiffs established a violation of the Fourteenth Amendment by Defendant Teresa Parker acting in her individual capacity." Mem. Op. and Order (Nov. 16, 2006), 106. The court determined that Defendants DISD; the Board of Trustees; Superintendent Hinojosa, in his official capacity; and Principal Parker, in her official capacity as Principal of Preston Hollow, did not violate the Fourteenth Amendment to the United States Constitution or Title VI of the Civil Rights Act of 1964. *Id*. at 107. The court also determined that Principal Parker, in her individual capacity, did not violate Title VI of the Civil Rights Act of 1964. *Id*. The court awarded nominal and punitive damages to Plaintiff Santamaria on behalf of her

children Doe #1 and Doe #3, and assessed these damages against Principal Parker in her individual capacity. *Id.* In particular, the court awarded nominal damages of $100 each for Doe Children #1 and #3, and awarded punitive damages in the amount of $10,000 each for Doe Children #1 and #3. The court also awarded permanent injunctive relief against Defendant Parker.

As part of its decision, the court held that "Plaintiffs are the prevailing parties because they have obtained an enforceable judgment against Defendant Principal Parker which materially alters the legal relationship between them." *Id.* at 106. In its Judgment, the court ordered that "the parties shall bear their own costs," and noted in a footnote that "since Plaintiffs did not prevail on the entire case, the court does not believe imposition of costs against any Defendant is warranted." Judgment (Nov. 17, 2007), 2 n.*.

The Supreme Court has admonished that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The parties, Plaintiffs and Defendants, have ignored this principle from the high court. Moreover, despite the court's admonition that the parties "exhaust all reasonable efforts to resolve the attorney's fee issue," and its determination that costs should be borne by the parties, both Plaintiffs and Defendants have presented motions for attorney's fees and costs to the court for resolution. Mem. Op. and Order 106.

The parties excessively litigated this case during the initial stage, trial stage, and attorney's fees stage. The awards sought by Plaintiffs and Defendants are excessive, and this excessiveness underscores the degree to which this case has run amok. The number of lawyers used by Plaintiffs and Defendants necessarily invites duplication of effort and can exponentially increase litigation costs. Probably the most remarkable aspect of this attorney's fees dispute is that each side criticizes the other side for conduct in which it also engaged. For example, both sides complain about inadequate documentation or explanation for entries for services performed. The court will not

detail such entries, as they are reflected in the record, but *both* sides in numerous instances failed to provide sufficient explanatory detail regarding entries for services performed. Defendants ask the court to award them $612,482.90 in attorney's fees and $99,431.82 in costs. The attorney's fees requested by Defendants are for 3,662.55 hours (2,597.8 attorney hours and 1,064.75 paralegal hours), almost twice the number of hours requested by Plaintiffs, and *do not include any hours for the defense of Principal Parker in her individual capacity.* Defendants' request reflects services rendered by seven lawyers and six paralegals. Plaintiffs' motion seeks $491,834.50 in fees and $79,644.26 in costs, an amount reduced by Plaintiffs in subsequent filings to a total of $485,756.95. Pls.' Advisory (doc. 229). The attorney's fees requested by Plaintiff are for 1,857.65 hours (1,772.05 attorney hours and 135.6 paralegal hours). The extremely low number of paralegal hours compared to attorney hours strongly indicates that the attorneys were at times performing work that should have been performed by paralegals. Plaintiffs' request reflects service rendered by six lawyers and two paralegals. The court referred these motions to United States Magistrate Judge Paul D. Stickney for a settlement conference, but the parties were unable to reach an agreement. Accordingly, the court now considers the parties' motions.

## II. **Defendants' Motion for Attorney's Fees and Costs**

Defendants contend that they are entitled to a reasonable award of attorney's fees because Plaintiffs' claims against them (with the exception of Defendant Parker in her individual capacity) were frivolous, unreasonable and without foundation. Defendants do not contend that the claims were made in bad faith. Plaintiffs disagree and argue that an award of attorney's fees against them is not warranted.

For a prevailing defendant to receive attorney's fees in a civil rights case, such defendant must establish that the lawsuit was "frivolous, unreasonable, or groundless, or that the plaintiff

continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978). Frivolity is determined by deciding "whether the case was so lacking merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (citations omitted). "When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citation omitted). The Supreme Court cautions that "[e]ven when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422. Courts impose this stringent test on a prevailing defendant "to prevent any chilling effect on the enforcement of civil rights." *Myers*, 211 F.3d at 292 n.1 (citation omitted).

After an exhaustive review of the record, the court concludes that Plaintiffs' claims were not frivolous, unreasonable, or groundless. Plaintiffs failed to establish a *prima facie* case with respect to all claims, except the section 1983 claims against Defendant Parker in her individual capacity, but that failure alone is insufficient to support a finding of frivolity. The court is convinced Plaintiffs had arguably meritorious claims that ultimately failed. Plaintiffs failed to fully grasp the intricacies of governmental liability under section 1983 and present evidence to establish governmental liability, or liability on the part of other DISD employees. In light of the extent of segregation of Latino students at Preston Hollow Elementary School, it was not unreasonable for Plaintiffs to assume that Defendants other than Principal Parker knew about it. Plaintiffs, however, failed to establish actual or constructive knowledge on the part of other DISD officials or policymakers, which is why the court ruled as it did.

The court held a full trial on the merits, and made its determinations only after conducting an eight-day trial, reviewing the trial transcript and exhibits, analyzing the parties' detailed findings of fact and conclusions of law, applying the applicable law to the issues to be decided, and writing a 108-page opinion and order.

Finally, the court considers whether Defendants offered to settle. From the e-mail exchanges between counsel for the parties, it is apparent that the parties engaged in settlement discussions and exchanged draft settlement documents the week before trial. The court, of course, does not know the extent of these negotiations or the proposed terms of any settlement. A settlement was not consummated, and the case proceeded to trial. From what the court can ascertain from the e-mails, Defendants initiated the settlement discussions, and they do not dispute this in their reply to Plaintiffs' response to Defendants' request for attorney's fees. That Defendants initiated settlement discussions the week preceding trial is some indication that, after approximately four months of fast-paced litigation, they did not believe Plaintiffs' claims to be frivolous.

After applying the three required factors, the court concludes that Plaintiffs' claims were not frivolous, unreasonable or groundless. Accordingly, Defendants are not entitled to an award of attorney's fees.

### III. Plaintiffs' Motion for Attorney's Fees and Costs

#### A. Method of Computation under the Lodestar Approach

As Plaintiffs have obtained an enforceable judgment against Defendant Parker which materially alters the legal relationship between them, they are prevailing parties. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992). A prevailing party may recover only those fees that are reasonably expended on the litigation. *See Hensley,* 461 U.S. at 433-34 (1983); *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993). A party is not entitled to attorney's fees for the prosecution of an

unsuccessful claim unless it involves common facts or derives from related legal theories of another claim that is successfully prosecuted. *See Hensley*, 461 U.S. at 434. The determination of a reasonable attorney's fee award involves a two-step process.[1] *See Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

In assessing the amount of attorney's fees to award a prevailing party, the second step requires the court to consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *see Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).[2] While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley*, 99 F.3d at 760; *Kellstrom*, 50 F.3d at 331. Once the lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate, the court may adjust the lodestar upward or downward depending on its analysis of the twelve factors espoused in *Johnson*. *Id.* "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the

---

[1]The two-step process set forth in this and the following paragraph is the normal process that a court undertakes to determine an appropriate attorney's fee award; however, for the reasons discussed latter, this process is not required and will not be followed because of the particular circumstances of this case.

[2]The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (*citing Johnson*, 488 F.2d at 717-19).

degree of success [or result] obtained." *Hensley*, 461 U.S. at 436; *Farrar*, 506 U.S. at 114; *see Migis*, 135 F.3d at 1047; *see also Giles v. General Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (stating that the most important factor under the *Johnson* analysis is the result obtained).

### B. Method of Computation when a Plaintiff Achieves Limited or Partial Success

When a party achieves limited or partial success, total reliance on and use of the lodestar method may not be appropriate. In this regard, the Supreme Court observed:

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for the plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Hensley*, 461 U.S. at 436; *see also Migis*, 135 F.3d at 1048 (applying the principle enunciated in *Hensley* and remanding an award of attorney's fees because the district court failed "to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought").

In a case where a plaintiff has achieved limited or partial success, once a court considers the "amount and nature of damages awarded, [it] may lawfully award low fees or no fees without reciting the 12 [*Johnson*] factors bearing on reasonableness," or without computing the lodestar. *Farrar*, 506 U.S. at 115. The fee award must be the result of a "measured exercise of discretion" on the court's part. *Id.* at 114.

### C.  The Fee Award in this Case

In this case, the court determined that Principal Parker, acting in her individual capacity, violated the rights of Plaintiffs to equal educational opportunities as guaranteed by the Fourteenth Amendment to the United States Constitution.   The court also determined that Plaintiffs failed to establish that Principal Parker violated Title VI of the Civil Rights Act of 1964.

Assessing damages against Principal Parker in her individual capacity, the court awarded nominal damages in the amount of $100 to Doe #1 and $100 to Doe #3, and awarded punitive damages in the amount of $10,000 to Doe #1 and $10,000 to Doe #3.  The court also enjoined Defendant Parker from, among other things, violating the rights of Plaintiffs to equal educational opportunities as guaranteed by the Fourteenth Amendment to the United States Constitution, and from assigning any student to a class, or placing any student in a program, on account of that student's race or national origin.   The court ordered Defendant Parker to integrate non-core curriculum instruction and to eliminate the racially identifiable hallways that exist at Preston Hollow Elementary School and identified by the court in its memorandum opinion.

As to Defendants DISD, the Board of Trustees, Superintendent Hinojosa and Principal Parker, in her official capacity, the court determined that Plaintiffs had failed to establish a violation of the Fourteenth Amendment or a violation of  Title VI of the Civil Rights Act of 1964.  On November 17, 2006, the court issued a Judgment reflecting its decision.

Plaintiffs did not prevail on all aspects of their lawsuit; however, they achieved significant results.   The amount of damages is not the controlling issue.   Here, Plaintiffs achieved the vindication of a fundamental right protected by the Fourteenth Amendment to the United States Constitution.   Because of the lawsuit, the segregation of Latino students at Preston Hollow Elementary School has ceased, the racially identifiable hallways no longer exist, and students are

not assigned on account of their race or national origin. Defendants argument that "Plaintiffs prevailed only against one Defendant out of four, on one claim out of ten" misses the mark, as there is no *per se* rule of proportionality between the amount of recovery and the amount of attorney's fees awarded. *Saizan v. Delta Concrete Prods.*, 448 F.3d 795, 802-03 n.42 (5th Cir. 2006) (citations omitted). The most critical factor is the result obtained.

While the court recognizes Plaintiffs' success, it would fundamentally unfair to saddle Defendant Parker with all fees and costs Plaintiffs seek. The court not only recognizes the overlapping work (which is inevitable to some extent) on claims in which Plaintiffs did not prevail, but is also aware of what would be a reasonable fee for the claim on which Plaintiffs did prevail. The court bases this determination on its prior experience as an attorney in the area of civil rights law (which is documented in a number of reported decisions), its experience in setting attorney's fees in other civil rights cases, its observation of the attorneys' performances in this case, its knowledge of rates in the Dallas legal community for services rendered by attorneys with similar skills to those of Plaintiffs' counsel, the excessive litigation tactics by both sides, and the lack of explanatory detail and documentation for a number of entries by Plaintiffs. As the Supreme Court recognizes, there is no formula or precise methodology for making such a determination in a case where partial success is achieved. If the court were to take into account every objection made by Defendants in light of all the variables, it would fare no better in coming up with an amount. Accordingly, the court uses its measured discretion in light of all the factors mentioned and determines that a reasonable award for attorney's fees is $125,000. The court realizes that this figure is on the conservative side of reasonableness; however, it fully compensates Plaintiffs' counsel for the success and results obtained. At the same time, it ensures that an excessive amount

of fees is not awarded. The determinative issue with respect to the fee inquiry in this case is the result obtained, not the hourly rates of Plaintiffs' counsel.

## IV. Conclusion

For the reasons stated herein, the court **denies** Defendants' Application/Motion for Reasonable Attorney[']s Fees and Expenses, and **grants in part** and **denies in part** Plaintiffs' Corrected Motion and Brief in Support of Reasonable Attorney[']s Fees and Costs. Accordingly, Defendant Teresa Parker is hereby **ordered** to pay the sum of $125,000 as reasonable attorney's fees to Plaintiffs Lucresia Mayorga Santamaria and Organizacion Para El Futuro de los Estudiantes. The court makes no division of this amount between Plaintiffs and leaves it up to Plaintiffs to determine how the award is apportioned.[3]

As this order is one for attorney's fees pursuant to Rule 54, the court need not issue a judgment by separate document. *See* Fed. R. Civ. P. 58(a)(1)(C). This order therefore serves as the judgment. The $125,000 awarded as attorney's fees shall accrue interest at the applicable federal rate from the date of entry of this order until it is paid in full.

**It is so ordered** this 30th day of September, 2007.

Sam A. Lindsay
United States District Judge

---

[3]No costs are awarded, as the court resolved this issue in its Judgment when it directed the parties to bear their own costs. As no party appealed the Judgment on the merits, and the time to appeal it has long passed, the court considers this issue moot. In any event, no additional expenses are warranted beyond the $125,000 awarded in attorney's fees.